# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONICA WELLINGTON,

    Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., *et al*.,

    Defendants.

Case No. 2:12-CV-00541-KJD-VCF

**ORDER**

    Before the Court is the Motion to Dismiss (#5) filed by Defendants CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff has filed an opposition (#8) and Defendants have filed a reply (#9).

I. Background

    Plaintiff borrowed $238,400 from North American Savings Bank ("NASB") in July of 2007. She secured this loan with a Deed of Trust encumbering real property located at 9045 Wolf Dancer Avenue, Las Vegas, Nevada. MERS, as the nominee for North American Savings Bank, was listed as the beneficiary on the Deed of Trust. Plaintiff alleges that in September 2007, CMI advised her

that it had assumed the servicing rights for her loan. She then proceeded to make monthly mortgage payments to CMI, and apparently continues to do so.  In 2010, after reading reports about mortgage industry fraud, Plaintiff claims she began sending correspondence to CMI seeking certain documents and that CMI did not respond.  Plaintiff now asserts claims against CMI and MERS to cancel the Deed of Trust and to recoup all the mortgage payments she has made.  Plaintiff is not in default and there is no foreclosure proceeding in process.

II.  Discussion

    A. Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint

does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

### B. Standard for Pro Se Litigants

Plaintiff is representing herself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

### C. Plaintiff's Claims Against MERS

Courts in this District and this circuit have repeatedly recognized the validity of the MERS system. See e.g. Weingartner v. Chase Home Finance, LLC, 702 F. Supp. 2d 1276, 1280, 1828 (D. Nev. 2010); Gomes v. Countrywide Home Loans Inc., 121 Cal. Rptr. 3d 819, 821 (Ct. App. 2011); Cervantes v. Countrywide Home Loans, 656 F.3d 103 (9th Cir. 2011). It is well settled that MERS can be named as the nominal beneficiary of a deed of trust and, in that capacity, has the authority to make assignments and substitutions. Id; See also Godino v. Countrywide KB Home Loans, 2011 WL 6131602 (D. Nev. 2011).

Plaintiff alleges that NASB was "not a member of MERS" and therefore could not appoint MERS as its nominee on the Deed of Trust. However, the Deed of Trust shows that MERS was appointed as nominee by NASB. The Deed of Trust, which Plaintiff assented to, states that "MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors or assigns) has the right to exercise any or all of those interests..." Further, the Deed of Trust provides that the Note could be sold without notice to Plaintiff. Plaintiff's claim for cancellation of instruments is not plausible because it is wholly dependant on her mistaken assertion that MERS is not a valid nominee under the Deed of Trust. Accordingly, Plaintiff's first claim is dismissed.

D.  Claims against CMI

The definition of 'debt collector' in the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 "does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" Camacho–Villa v. Great W. Home Loans, 2011 WL 1103681, at *4 (D.Nev.2011) (quoting Croce v. Trinity Mortg. Assurance Corp., 2009 WL 3172119, at *2 (D.Nev.2009)) California's Rosenthal Debt Collection Practices Law also does not apply to attempts to collect mortgage debt.  See Gardner v. American Home Mortg. Servicing, Inc., 691 F. Supp. 2d 1192, 1198-99 (E.D. Cal. 2010)(dismissing Rosenthal Act claims arising out of efforts to collect mortgage payments), Morgera v. Countrywide Home Loans, 2010 WL 160348, at *3 (E.D. Cal. 2010)(dismissing Rosenthal Act claim related to residential mortgage loan.)

Because these claims are directed at a mortgage servicing company, Plaintiff's state and federal debt collection practices claims fail as a matter of law.  Further, Plaintiff does not specifically set forth any abusive or fraudulent debt collection practices by CMI.  Plaintiff's only allegation is that CMI is not actually her mortgage servicer, that it has acted improperly in collecting her payments over the last three years, and has not forwarded the payments to the actual creditor.  Plaintiff does not plead any facts identifying the actual creditor or servicer or set forth facts showing that CMI's conduct has resulted in a default or delinquency.  Accordingly, Plaintiff's second and third causes of action are dismissed.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#5) is GRANTED and this action is **DISMISSED**.

DATED this 30th day of October 2012.

_____
Kent J. Dawson
United States District Judge

4